MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
609-919-6600
Attorneys for Defendant
HomeServe USA Corp. (incorrectly named as
HomeServe USA, f/k/a Home Service USA
Corp.)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CORTEZ, DAN MOLLOY, DOREEN ROSADO, NANCY MINUTILLO, DEBRA MINUTILLO, SEAN KELLY and ANNE LOCKWOOD, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED WATER NEW JERSEY, INC. and HOMESERVE USA, f/k/a HOME SERVICE USA CORP.<br><br>Defendant. | Civil Action No.<br><br>Document Electronically Filed<br><br>NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY BY DEFENDANT HOMESERVE USA CORP. |

Defendant HomeServe USA Corp. ("HomeServe") (incorrectly named as HomeServe USA, f/k/a Home Service USA Corp.) hereby removes the action styled *Jose Cortez, et al. v. United Water New Jersey, Inc., et al.*, Docket No. BER-L-11374-10 (the "*Cortez* Action") from the Superior Court of New Jersey, Law Division: Bergen County to the United States District Court for the District of New Jersey. HomeServe removes the *Cortez* Action pursuant to 28 U.S.C. §1332(d), 28 U.S.C. §1441, 28 U.S.C. §1446, and 28 U.S.C. §1453, and submits that this Court has original jurisdiction over the *Cortez* Action pursuant to the Class Action Fairness Act

DB1/ 70889252.1

of 2005 ("CAFA") Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§1332(d), 1453 and 1711-15. As grounds for removal, HomeServe states as follows:

## THE PUTATIVE CLASS ACTION FILED IN STATE COURT

1. The *Cortez* Action was filed against Defendant United Water New Jersey Inc. ("UWNJ") on or about November 23, 2010. HomeServe was not named as a Defendant.

2. On August 10, 2012, a Motion to Amend the Complaint filed by the Plaintiffs to add HomeServe as a Defendant in the *Cortez* Action was granted by the Superior Court of New Jersey.

3. Plaintiffs' Second Amended Complaint asserts allegations against HomeServe and UWNJ on behalf of seven named-Plaintiffs. A true and correct copy of Plaintiffs' Second Amended Complaint is attached hereto as Exhibit "A".[1] The named-Plaintiffs are UWNJ water customers who have purchased various home service agreements from HomeServe and/or UWNJ during the period of 2004 to the present.[2]

---

[1] To date, HomeServe has not been served with the Second Amended Complaint naming it as a Defendant. Indeed, as far as it is aware, the Second Amended Complaint has not even been filed with the Clerk of the Superior Court of New Jersey, Law Division: Bergen County.

[2] In or around May 2005, HomeServe and United Water entered into a Licensing and Marketing Agreement (the "Licensing Agreement") in connection with a Stock Purchase Agreement of even date pursuant to which HomeServe purchased a wholly-owned subsidiary of United Water, United Water Leak Guard, Inc. ("UWLG"). Thereafter, HomeServe assumed primary responsibility for the marketing, sale and performance of plumbing, water and sewer service contracts (including those at issue in this action) in the territories contemplated by the Licensing Agreement. In contrast, United Water's contractual obligations were limited to (i) billing and support services related to UWLG contracts in existence as of the execution of the Stock Purchase Agreement, and (ii) marketing assistance, namely use of the United Water name and inclusion of HomeServe service contract product literature in United Water customer mailings. Consistent with the parties' relative contractual obligations, the Licensing Agreement included an indemnification provision in United Water's favor for third party claims arising out of the HomeServe service contracts. While a number of the named-Plaintiffs purchased "LeakGuard" agreements from UWNJ prior to 2005, each of the named-Plaintiffs have been, or currently are, also HomeServe customers.

4. Plaintiffs' allegations against the Defendants relate to HomeServe's marketing and sale of service agreements to New Jersey residents who reside in "multi-unit dwellings" that are excluded from coverage under the applicable service agreements.

5. Plaintiffs have purported to assert causes of action against the Defendants for: (i) breach of contract; (ii) violations of the New Jersey Consumer Fraud Act ("NJ CFA"); (iii) unjust enrichment; and, alternatively (iv) violations of New Jersey's Plain Language Act.

6. The service agreements currently at issue in the Second Amended Complaint are: LeakGuard, Sewer/Septic Line Plus, Water Service Line, Electrical Emergency and Breakdown, Heating Coverage, and Internal Plumbing and Drainage.

7. Plaintiffs seek to certify a class of: "All New Jersey residents who, at any time from six years prior to the filing of the original complaint through the present, lived in a multi-unit dwelling and purchased a LeakGuard, water service line, internal plumbing, septic, heating, or electric service plan issued by Home Service and marketed by or with the assistance of United Water or any other utility company, where such plan provided that multi-unit dwellings were not eligible for coverage." *See* Second Amended Complaint, ¶26, attached hereto as Exhibit "A".

8. Indeed, Plaintiffs filed a Motion for Class Certification on August 30, 2012, in the New Jersey Superior Court seeking to certify the class described above. *See* Plaintiffs' Motion for Class Certification, attached hereto as Exhibit "B".

9. The *Cortez* Action is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. §1453. Moreover, the *Cortez* Action was brought by the named-Plaintiffs individually and "all others similarly situated" pursuant to *N.J. Ct. R.* 4:32, which sets forth the New Jersey state law requirements for maintaining a class

3

action. (Exhibit "A" ¶¶ 1 and 26). The *Cortez* Action is, therefore, a purported class action as that term is defined in 28 U.S.C. §1332(d)(1)(B) and 28 U.S.C. §1453.[3]

## THE ELEMENTS FOR CAFA REMOVAL ARE SATISFIED

10. Whether an action is removable to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for this district and division embracing the place where such action is pending."

11. CAFA confers upon the federal courts original subject matter jurisdiction, and thus makes removable, any class action in which: (i) there is minimal diversity, *i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant; (ii) the amount in controversy exceeds $5,000,000; and (iii) the aggregate number of putative class members in the proposed plaintiff class is at least 100. *See* 28 U.S.C. § 1332(d)(2) and (d)(5)(B).

12. If the requisite elements for CAFA jurisdiction are met, as they are here, the consent of all defendants in the action is not required for removal. *See* 28 U.S.C. 1453(b). Nevertheless, UWNJ, which is also represented in this action by the undersigned and Morgan, Lewis & Bockius LLP, has consented to removal.

### A. Minimal Diversity of Citizenship Exists.

13. At a minimum, one member of the putative class is a citizen of a different state than HomeServe, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA.

---

[3] HomeServe disputes and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this case can properly be certified and proceed as a class action.

14. For diversity purposes, a person is a "citizen" of the state in which she is domiciled and residence is sufficient to establish a presumption of domicile. *See Caputo v. Astrue*, No. 08-5405, 2010 WL 1076522, at *6 (D. N.J. March 23, 2010). The named-Plaintiffs all presently reside in New Jersey (Exhibit "A," ¶ 2), and are thus citizens of the state of New Jersey.

15. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. HomeServe is a corporation duly incorporated under the laws of the Commonwealth of Pennsylvania and it maintains its principal place of business at 750 East Main Street, Stamford, Connecticut 06902.

16. Because HomeServe is a citizen of Pennsylvania and Connecticut and the named-Plaintiffs are citizens of New Jersey, the minimal diversity needed for CAFA removal is present. The citizenship of UWNJ is irrelevant for purposes of this analysis.

**B.    The Jurisdictional Amount In Controversy Is Met.**

17. CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §1332(d)(6). Federal jurisdiction is appropriate under CAFA if, in the aggregate, "the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." *See* Senate Judiciary Report, S. REP. 109-14, at 42.

18. Where, as here, the applicable substantive law authorizes the automatic recovery of treble damages and attorneys' fees by a prevailing claimant, those damages are permissibly considered in determining whether the jurisdictional amount in controversy is satisfied. *See Red*

*Line Marine Liquidators v. Jarrett Bay Boat Works, Inc.*, No. 08-1863, 2008 U.S. Dist. LEXIS 71202, *9 (D. N.J. Sept. 17, 2008) (automatic award of treble damages and attorneys' fees under New Jersey Consumer Fraud Act must be considered in determining the amount in controversy).

19. The Third Circuit historically has employed a "liberal" standard in determining whether the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003). That liberal standard applies equally to the assessment of the amount in controversy under CAFA. In the context of a CAFA removal, defendants seeking to remove need only show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 197 (3d Cir. 2007). The *Cortez* Action easily meets this standard based on the allegations in the Second Amended Complaint and the assertions made in Plaintiffs' Motion for Class Certification.

20. In their Second Amended Complaint, the named-Plaintiffs, on behalf of the proposed class, seek various forms of equitable relief, as well as actual damages, treble damages, and attorneys' fees as authorized by *N.J.S.A.* 56:9-12. They do not, however, plead a sum certain they seek to recover.

21. Plaintiffs allege that named-Plaintiffs Molloy and Rosado (husband and wife) have together paid over $385 dollars for LeakGuard coverage and over $250 for Interior Plumbing coverage which did not apply to them. (Exhibit "A", ¶17; Exhibit "B" p. 12). These payments total over $635.

22. Plaintiffs allege that named-Plaintiff Cortez paid over $442 for LeakGuard coverage, over $89 for Electric coverage, and approximately $668 for Internal Plumbing and

Drainage coverage which did not apply to him. (Exhibit "A", ¶17; Exhibit "B" p. 12-13). These payments total over $1199.

23. Plaintiffs allege that named-Plaintiffs Nancy and Debra Minutillo have together paid over $828 for Internal Plumbing and Drainage and Sewer/Septic Line coverage which did not apply to them. (Exhibit "A", ¶17; Exhibit "B" p. 13).

24. Plaintiffs allege that named-Plaintiffs Anne Lockwood and Sean Kelly (husband and wife) have together paid over $485 for Internal Plumbing and Drainage coverage which did not apply to them. (Exhibit "A", ¶17; Exhibit "B" p. 13).

25. On average these named-Plaintiffs have allegedly paid HomeServe $786.75 per household.

26. Plaintiffs contend in their Motion for Class Certification that "thousands of persons are affected by the practices here at issue." (Exhibit "B", p. 18). If, on average, the named-Plaintiffs paid $786.75 per household for HomeServe service agreements and "thousands of persons are affected by the practices here at issue" Plaintiffs cannot dispute that the amount in controversy may exceed $5,000,000 including treble damages and Plaintiffs' counsel's attorneys' fees. Indeed, assuming there are only 2500 putative class members who made similar payments, straight damages before trebling would total $1,966,875 exclusive of attorneys' fees. After trebling, damages would total $5,900,625. In addition, Plaintiffs' attorneys' fees are likely to exceed at least several hundred thousand dollars.

27. While HomeServe expressly disputes and reserves the right to contest Plaintiffs entitlement to any recovery, HomeServe submits that the statutory minimum amount in controversy of $5,000,000 for CAFA removal is satisfied.

### C.  The Putative Class Consists of at Least 100 Members.

28. The named-Plaintiffs seek certification of a broad class consisting of "All New Jersey residents who, at any time from six years prior to the filing of the original complaint through the present, lived in a multi-unit dwelling and purchased a LeakGuard, water service line, internal plumbing, septic, heating, or electric service plan issued by Home Service and marketed by or with the assistance of United Water or any other utility company, where such plan provided that multi-unit dwellings were not eligible for coverage." (Exhibit "A," ¶26.)

29. As noted above, Plaintiffs contend in their Motion for Class Certification that "thousands of persons are affected by the practices here at issue." (Exhibit "B", p. 18). They also allege in their Second Amended Complaint that the class they purport to represent is "believed to include more than 1,000 members." (Exhibit "A," ¶ 28).

30. Based on the foregoing, the class alleged in the Second Amended Complaint consists of at least 100 members and is subject to removal to this Court under CAFA.

### THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

31. Because this Notice of Removal is being filed even before Plaintiffs filed the Second Amended Complaint with the state court or served the Second Amended Complaint on HomeServe, it is timely under 28 U.S.C. §1446(b) and 28 U.S.C. §1453. Indeed, HomeServe would have 30 days from the date of service – which has not even yet occurred – to file this notice of removal.

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the Superior Court of New Jersey, Law Division: Bergen County, where the State Court *Cortez* Action was filed and has been pending prior to removal, is a state court within this federal district and division.

33. The Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of New Jersey, Law Division: Bergen County in accordance with 28 U.S.C. § 1446(d).

34. Written notice of the filing of this Notice of Removal has been or will be given to Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

35. A completed Civil Cover Sheet is being filed herewith.

36. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, HomeServe respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, HomeServe desiring to remove this case to the United States District Court for the District of New Jersey, prays that the filing of this Notice of Removal shall effect the removal of the *Cortez* Action to this Court.

Dated:  September 10, 2012

Respectfully submitted,

/s/  Robert A. White
Robert A. White
rwhite@morganlewis.com
Christopher Iannicelli
ciannicelli@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540
Telephone:  (609) 919-6600

Attorneys for Defendant
HomeServe USA Corp. (incorrectly named as HomeServe USA, f/k/a Home Service USA Corp.)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal and attached Civil Cover Sheet were served this 10th day of September, 2012 via Federal Express and electronically upon:

>Carl Mayer, Esq.
>Mayer Law Group, LLC
>66 Witherspoon Street, Suite 414
>Princeton, New Jersey 08542
>
>Jerome M. Marcus, Esq.
>Marcus & Auerbach, LLC
>101 Greenwood Avenue, Suite 310
>Jenkintown, Pennsylvania 19046
>
>Attorneys for Plaintiffs

/s / Robert A. White
Robert A. White

DB1/ 70889252.1